## INTERSTATE NATIONAL BANK OF KANSAS CITY v. CITIZENS BANK AND TRUST COMPANY.

(Filed 25 October, 1922.)

**Actions—Consolidation—Appeal and Error—New Trial—Stakeholder—Courts.**

Where two actions have been brought in the same court, involving the payment of the funds by one of the parties to the other parties claiming it, who himself claims no interest in the disposition of the funds, it is proper for the trial judge, when the trial of one of them has been had and appeal therefrom perfected, to deny a motion for consolidation; but where a new trial on appeal has been awarded in one of them, and the other remains pending in the Supreme Court, this Court will dismiss this second appeal, so that the actions may be joined in the Superior Court for the protection of the mere stakeholder, when this appears to be necessary.

STACY, J., not sitting.

---

BANK *v.* BANK.

---

APPEAL by defendant from *Devin, J.,* at September Term, 1922, of NEW HANOVER.

Civil action, heard on motion to consolidate the present action with another now appearing on the docket of the Superior Court of New Hanover County, in which J. P. Temple is plaintiff and the Eades Hay Company defendant. The present is a suit by plaintiff against defendant to recover certain moneys collected by defendant bank on drafts sent to said defendant by plaintiff bank. The suit of *Temple v. Eades Hay Co.* is one to recover damages for breach of contract in sale of hay by defendant to said Temple, and in which said suit this same money collected by defendant bank was attached as the property of the Eades Hay Company. In the *Temple case* there has been a verdict and judgment for plaintiff, and appropriating the money attached in satisfaction of plaintiff's recovery. Appeal taken in that case and apparently perfected. Motion to consolidate denied, and defendant bank excepted and appealed.

*John D. Bellamy & Sons and George H. Howell for plaintiff.*
*Wright & Stevens and C. D. Weeks for defendant.*

HOKE, J. There is doubt if any order of consolidation should be made with the suit of *Temple v. Hay Co., ante,* 239, after verdict and judgment in the latter case. As now advised, we concur in his Honor's view, that an order of consolidation could not be made with a cause which was in the Supreme Court by a perfected appeal, and must hold, therefore, that the present appeal be dismissed without prejudice. Since appeal taken, it appearing, however, that a new trial has been ordered in the suit of *Temple v. Hay Co., supra,* we consider it right to say that there should be a consolidation of these two suits, to the end that the court thus acquiring full jurisdiction, both of the *res* and person of the claimant, may be able to dispose of the entire controversy and enter judgment awarding this money to the rightful owner, and thus protect defendant bank, which is without fault in the premises, from a double liability for the same fund.

Appeal dismissed.

STACY, J., not sitting.